UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT CARROLL BOLTON, | |
| Plaintiff, | Case No. C17-752-RAJ-JPD |
| v. | |
| LUCENT TECHNOLOGIES, *et al.*, | SUPPLEMENTAL REPORT AND RECOMMENDATION |
| Defendants. | |

This is a prisoner civil rights action filed under 42 U.S.C. § 1983. Plaintiff asserted in his civil rights complaint, which was submitted for filing on May 15, 2017, that since his birth in 1968 he had been harassed by a "corporate entity" and used as "a governmental humane test subject." (*See* Dkt. 5 at 3.) He alleged an invasion of privacy and "trespass – parallel with cyber invasion." (*Id*.) Plaintiff named as defendants in his complaint Lucent Technologies, the Chief Executive Officer of Lucent Technologies, and three unidentified employees of Lucent Technologies. (*Id*. at 2-3.)

After reviewing plaintiff's complaint, this Court concluded that the complaint was deficient because plaintiff failed to allege therein any violation of a federal constitutional right and he failed to demonstrate that the named defendants might properly be deemed state actors for purposes of § 1983. Plaintiff was granted two opportunities to demonstrate to the Court that he

SUPPLEMENTAL REPORT
AND RECOMMENDATION - 1

should be permitted to proceed with this action, but his efforts were ultimately unsuccessful. (*See* Dkts. 6, 10, 12, 16 and 17.)  Thus, on August 16, 2017, this Court issued a Report and Recommendation recommending that plaintiff's complaint and this action be dismissed for failure to state any viable cause of action under §1983.  (Dkt. 17.)

On August 24, 2017, plaintiff filed objections to the Report and Recommendation.  (Dkt. 19.)  Subsequently, on September 14, 2017, plaintiff filed a series of motions which included a motion to amend the caption of his complaint, and motions addressing jurisdictional issues. (Dkts. 26, 27, 28 and 29.)  On September 27, 2017, the Honorable Richard A. Jones, United States District Judge, re-referred this matter to the undersigned for issuance of a Supplemental Report and Recommendation which incorporates the motions submitted by plaintiff on September 14, 2017.  (*See* Docket Entry dated 09/27/2017.)

This Court has now reviewed each of the designated motions, in light of its previously issued Report and Recommendation, and concludes that nothing contained therein alters this Court's original conclusion that this action must be dismissed.  Plaintiff has been repeatedly advised that in order to proceed with this civil rights action he must identify defendants who might properly be deemed state actors for purposes of § 1983, and he must allege a violation of a federally protected right.  Plaintiff makes no effort to address these concerns in his motions.  The record therefore remains clear that plaintiff has not stated any viable cause of action under § 1983.

Based on the foregoing, this Court renews its recommendation that plaintiff's complaint and this action be dismissed, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to

SUPPLEMENTAL REPORT
AND RECOMMENDATION - 2

allege any viable cause of action under § 1983.[1]  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 15, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 17, 2017.**

//

//

//

//

---

[1]  The Court notes that plaintiff recently submitted two additional motions to the Court, one of which is entitled "Motion of Information for Civil Complaint" and appears to constitute a challenge to the conviction for which plaintiff is currently confined.  (*See* Dkt. 32.)  The second motion is entitled "Motion of Criminal Indictment by Information Joined with Civil Suit" and apparently seeks to initiate criminal charges against the defendants to plaintiff's civil rights complaint.  (*See* Dkt. 33.)  Though plaintiff's most recent motions were not specifically referred to this Court for consideration, the Court nonetheless observes that neither motion affects the recommendation set forth above.

To the extent plaintiff may be seeking to challenge his current confinement, he has identified no cognizable claim for relief.  Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies.  *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 48.  Plaintiff makes no showing that his conviction has been invalidated in any fashion and, thus, any challenge to his conviction is not cognizable in this action.  To the extent plaintiff may be seeking to initiate criminal charges against the defendants named in his civil rights complaint, the Court notes that the responsibility for initiating criminal prosecutions lies with local prosecuting authorities, not with plaintiff and not with this Court.

SUPPLEMENTAL REPORT
AND RECOMMENDATION - 3

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 25th day of October, 2017.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

SUPPLEMENTAL REPORT
AND RECOMMENDATION - 4